{¶ 46} I respectfully dissent from the majority view on the first assignment of error affirming the trial court's granting of summary judgment on the intentional tort claim raised by appellant. I would reverse and find that appellant has raised a sufficient basis to believe a genuine issue of material fact exists under the Fyffe test.
 {¶ 47} With respect to the second assignment of error, I concur with the judgment and analysis of the majority.
 {¶ 48} The majority opinion properly outlines the requirements of the Fyffe test. Although this test mandates that the employer have knowledge of the danger and that the employer's knowledge of the potential harm to an employee be of a "substantial certainty," it does not require us to ignore practical common sense.
 {¶ 49} Here, at a minimum, the record contains some evidence that Euclid Chemical was aware of the dangers of xylene to employees prior to the spill. There is at least some evidence of prior spills, including one claim that as much as ten to fifteen gallons of xylene were spilled every shift. The Material Safety Data Sheets and the OSHA correspondence certainly raise a material question of fact about Euclid Chemical's knowledge of the existence of the dangerous process and the knowledge that exposure to this process would harm the employee to a substantially certain degree. Last, the safety records raise legitimate questions about the training, equipment, and supervision of employees by Euclid Chemical.
 {¶ 50} Although I recognize the Fyffe test creates a high standard for recovery on an intentional tort claim, when, as here, there is evidence that genuine issues of material fact are in dispute, summary judgment is not appropriate. For this reason, I would reverse the trial court's granting of summary judgment and remand the case for further proceedings on the first assignment of error.